IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

HAROLD M. SMITH )
)
v. ) NO: 1:17-0070
)
MAURY COUNTY, et al. )

TO: Honorable Waverly D. Crenshaw, Jr., Chief District Judge

# REPORT AND RECOMMENDATION

By Order entered September 22, 2017 (Docket Entry No. 9), the Court referred this prisoner civil rights action to the Magistrate Judge for pretrial proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B), Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Presently pending before the Court is a motion for summary judgment (Docket Entry No. 14) filed by Defendants Maury County, Tennessee and the Maury County Sheriff's Office. Plaintiff has not responded to the motion. For the reasons set forth below, the undersigned Magistrate Judge respectfully recommends that the motion be granted and that this action be dismissed.

## I. BACKGROUND

This *pro se* lawsuit was filed on August 3, 2017, against Maury County, Tennessee ("Maury County") and the Maury County Sheriff's Office ("Sheriff's Office") by Harold Smith ("Plaintiff") and Keith Pierce ("Pierce"), who were inmates at the Maury County Jail ("Jail") at the time the

lawsuit was filed.[1] Although Plaintiff was granted *in forma pauperis* status, Pierce failed to either pay the filing fee or submit an application to proceed *in forma pauperis*, and he was dismissed from the action. *See* Docket Entry No. 9 at 1. Seeking injunctive and monetary relief under 42 U.S.C. § 1983, Plaintiff complains about a variety of conditions of confinement at the Jail and contends that these conditions violate his constitutional rights. Upon initial review of the complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, the Court found that Plaintiff stated arguable constitutional claims and directed that process issue to Defendants in the action.

Summarizing a somewhat difficult to follow complaint that sets out allegations pertaining to Plaintiff, Pierce, and other inmates, the Court noted in the initial review that Plaintiff complains about overcrowding, mold in the living areas and showers, inadequate outdoor recreation time, cold food, unsanitary food service, insects in the Jail, a lack of inmate jobs, inmate clothing not being properly washed, a lack of access to a law library, inadequate grievance procedures, and inadequate medical staffing and medical care. *See* Docket Entry No. 9 at 2-3. Plaintiff makes further allegations that Jail staff interfered with legal mail being sent to other law enforcement agencies, that inmates were made to sit in a "drunk tank" for hours without shoes during the booking process, that inmates were charged for hygiene products that should have been available free of charge, that staff would often fail to investigate inmate violence, that staff were under the influence of alcohol, that inmates serving time for misdemeanors were mixed in with convicted felons, and that inmates were denied accrued sentence reduction credits without due process. *Id*.

---

[1] Plaintiff was released from the Jail on August 16, 2017, after making bond. *See* Change of Address Notice (Docket Entry No. 5) and Declaration of Debra Wagonshutz (Docket Entry No. 15-1) at ¶ 3. He subsequently became an inmate at the Williamson County Jail, where he is currently confined. *See* Notice filed December 20, 2017 (Docket Entry No. 11).

## II. MOTION FOR SUMMARY JUDGMENT

In lieu of answers, Defendants jointly filed the pending motion for summary judgment. Relying upon the Declaration of Debra Wagonshutz, the Jail Administrator (Docket Entry No. 15-1), Defendants assert that Plaintiff was an inmate at the Jail for approximately two months, from June 13, 2017, to August 16, 2017, and that his lawsuit is subject to dismissal on the following grounds:

1) the Sheriff's Office is not a "person" amenable to suit under 42 U.S.C. § 1983;

2) Plaintiff's claims are subject to dismissal under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), because Plaintiff failed to administratively exhaust the claims through the Jail's grievance process before filing his lawsuit;

3) Plaintiff fails to state claims upon which relief can be granted based on his allegations about the denial of accrued sentence reduction credits, inadequate grievance procedures, a lack of access to a law library, insufficient inmate jobs, and the fact that inmates are charged for hygiene products; and

4) Plaintiff's request for injunctive relief has become moot because of his release from the Jail. *See* Motion for Summary Judgment (Docket Entry No. 14) at 1-2.

By Order entered January 17, 2018, the Court advised Plaintiff of the need to respond to the motion for summary judgment and gave him a deadline of February 23, 2018, to file a response. *See* Docket Entry No. 17. Plaintiff has not responded in any manner to the motion for summary judgment.[2]

---

[2] On February 7, 2018, the Court received a letter from Plaintiff concerning a purported request from Defendants' counsel for copies of documents and his inability to provide documents due to his incarceration. *See* Docket Entry No. 19. This letter makes no reference to the motion for

3

Case 1:17-cv-00070   Document 21   Filed 04/17/18   Page 3 of 9 PageID #: 185

### III. STANDARD OF REVIEW

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a) of the Federal Rules of Civil Procedure. *See also Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A "genuine issue of material fact" is a fact which, if proven at trial, could lead a reasonable jury to return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In considering whether summary judgment is appropriate, the Court must "look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial." *Sowards v. Loudon Cnty.*, 203 F.3d 426, 431 (6th Cir.), *cert. denied*, 531 U.S. 875, 121 S.Ct. 179, 148 L.Ed.2d 123 (2000). The Court must view the evidence and all inferences drawn from underlying facts "in the light most favorable to the party opposing the motion." *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., Ltd.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Gribcheck v. Runyon*, 245 F.3d 547, 550 (6th Cir.), *cert. denied*, 534 U.S. 896, 122 S.Ct. 217, 151 L.Ed.2d 155 (2001).

The moving party has the burden of showing the absence of genuine factual disputes from which a reasonable jury could return a verdict for the non-moving party. *Anderson*, at 249-50. "Once the moving party has presented evidence sufficient to support a motion for summary judgment, the nonmoving party is not entitled to trial merely on the basis of allegations; significant probative evidence must be presented to support the complaint." *Goins v. Clorox Co.*, 926 F.2d 559, 561 (6th Cir. 1991). In other words, to defeat summary judgment, the party opposing the motion

---

summary judgment.

must present affirmative evidence to support his or her position. *Bell v. Ohio State Univ.*, 351 F.3d 240, 247 (6th Cir. 2003) (quoting *Anderson*, 477 U.S. at 252).

## IV. ANALYSIS

Although the allegations in Plaintiff's complaint were sufficient to permit the case to survive initial frivolity review under 28 U.S.C. §§ 1915 and 1915A, Plaintiff has not responded to the arguments made by Defendants in their dispositive motion, has not responded to Defendants' Statement of Undisputed Facts as required by Rule 56.01(c) of the Local Rules of Court,[3] and has not set forth any evidence supporting his claims.

When a motion for summary judgment is properly supported under Rule 56, such as Defendants' motion, the non-moving party may not merely rest on the allegations contained in the complaint, but must respond with affirmative evidence supporting his claims and establishing the existence of a genuine issue of material fact that requires that the action proceed to trial. *See Celotex Corp.*, 477 U.S. at 323-24; *Banks v. Wolfe Cnty. Bd. of Educ.*, 330 F.3d 888, 892 (6th Cir. 2003); *Chao v. Hall Holding Co., Inc.*, 285 F.3d 415, 424 (6th Cir. 2002); *Cloverdale Equip. Co. v. Simon Aerials, Inc.*, 869 F.2d 934, 937 (6th Cir. 1989). As the Sixth Circuit has noted, when a defendant files a motion for summary judgment, the plaintiff is challenged to "put up or shut up" on critical issues. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1989). Plaintiff's *pro se* status does not relieve him of this obligation, which is a threshold requirement for all non-moving parties

---

[3] Local Rule 56.01(g) provides that Plaintiff's failure to respond to Defendants' Statement of Undisputed Facts shall indicate that the asserted facts are not disputed for the purposes of summary judgment. Accordingly, the Court is permitted to rely upon the facts set forth by Defendants as the undisputed facts.

when summary judgment is sought by an opposing party. *Sixty Ivy St. Corp. v. Alexander,* 822 F.2d 1432, 1435 (6th Cir. 1987). The Court cannot supply or assume facts supporting Plaintiff's case and is not required to make legal arguments on his behalf. *See Thompson v. A.J. Rose Mfg. Co.*, 208 F.3d 215, 2000 WL 302998 (6th Cir. 2000); *Bell v. Tennessee*, 2012 WL 996560, \*9 (E.D. Tenn. March 22, 2012). *See also Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 406 (6th Cir. 1992) ("it seems to us utterly inappropriate for the court to abandon its position of neutrality in favor of a role equivalent to champion for the non-moving party: seeking out facts, developing legal theories, and finding ways to defeat the motion.").

Plaintiff's lawsuit should be dismissed in its entirety because Plaintiff has not shown that he exhausted his available administrative remedies prior to bringing the lawsuit. Pursuant to Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), a prisoner asserting an action with respect to prison conditions under 42 U.S.C. § 1983 must first exhaust all available administrative remedies before filing a lawsuit about the conditions. *See Porter v. Nussle*, 534 U.S. 516, 524, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002). If there is a grievance procedure available to inmates, the prisoner plaintiff must present his grievance through "one complete round" or through all the steps of the administrative grievance procedure in order to satisfy the exhaustion requirement. *See Thomas v. Woolum*, 337 F.3d 720, 733 (6th Cir. 2003), *abrogated on other grounds*, *Woodford v. Ngo*, 548 U.S. 81, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006); *Hartsfield v. Vidor*, 199 F.3d 305, 306 (6th Cir. 1999). The failure of a prisoner plaintiff to satisfy the exhaustion requirement is an affirmative defense that a defendant must raise and prove. *Jones v. Bock*, 549 U.S. 199, 216, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007). Once the defense of failure to exhaust is raised and supported, the burden is on the prisoner

6

plaintiff to present evidence showing that he has complied with the PLRA's requirement of exhaustion. *See Napier v. Laurel Cnty., Ky.*, 636 F.3d 218, 225 (6th Cir. 2011).

Defendants have set forth undisputed evidence that a grievance procedure exists at the Jail that is available to inmates. *See* Declaration of Wagonshutz at ¶¶ 5-10. Their evidence further shows that, although Plaintiff filed nine grievances complaining about various matters during his short stay at the Jail, *id*. at ¶ 11, only two of these grievances concerned the actual allegations made in his complaint and these two grievances were themselves directed at only the issue of outdoor recreation. *Id*. at ¶¶ 12-13 and 15. Defendants' evidence further shows that Plaintiff failed to appeal the denial of these two grievances, or any of his grievances for that matter, to the final level of appeal available under the Jail's grievance procedure. *Id*. at ¶ 14. In the face of the motion for summary judgment, Plaintiff must rebut Defendants' exhaustion defense by presenting "significant probative evidence" showing compliance with the PLRA. *See Napier*, *supra*. Plaintiff has not met this burden. Indeed, he has not even responded to the motion for summary judgment.

Defendants' failure to exhaust defense is a complete defense to Plaintiff's lawsuit. However, the Court notes that Defendants' alternative arguments for dismissal of Maury County as a defendant, dismissal of Plaintiff's request for injunctive relief, and dismissal of some of Plaintiff's claims for failure to state a claim upon which relief can be granted are based upon sound and meritorous legal arguments that have not been rebutted by Plaintiff.

The Sheriff's Office must be dismissed because it is well settled that a municipal agency, such as a sheriff's department, is not an entity that can be sued under Section 1983. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (a police department is not an entity which can be sued under § 1983). *See also De La Garza v. Kandiyohi County Jail*, 18 Fed.Appx. 436, 437 (8th Cir.

2001); *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992); *Mathes v. Metropolitan Gov't of Nashville & Davidson Cnty.*, 2010 WL 3341889, *1 (M.D. Tenn. Aug. 25, 2010) (Trauger, J.) ("[F]ederal district courts in Tennessee have frequently and uniformly held that police departments and sheriff's departments are not proper parties to a § 1983 suit."); *Buchannan v. Williams*, 434 F.Supp.2d 521, 529 (M.D. Tenn. 2006). Further, Plaintiff is no longer in custody at the Jail. Accordingly, his requests for injunctive relief regarding a change in conditions or policies at the Jail will no longer impact upon him, and his requests for injunctive relief have become moot. *See Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996). Finally, as argued by Defendants, Plaintiff's claims based on the denial of accrued sentence reduction credits,[4] inadequate grievance procedures, lack of access to a law library, insufficient inmate jobs, and charging for hygiene products have legal and factual shortcomings that warrant their dismissal for failure to state a claim upon which relief can be granted. *See* Memorandum in Support (Docket Entry No. 15) at 15-19.

**RECOMMENDATION**

Based on the foregoing, the undersigned Magistrate Judge respectfully RECOMMENDS that the motion for summary judgment (Docket Entry No. 14) filed by Defendants Maury County, Tennessee and the Maury County Sheriff's Office be GRANTED and this action be DISMISSED WITH PREJUDICE as to all claims.

---

[4] The Court notes that Plaintiff fails to make any allegation that he personally, as opposed to other inmates, had accrued sentence credits taken from or denied to him.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.03(b)(1). A failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any other party wishing to respond to the objections shall file a response within fourteen (14) days after being served with a copy of such objections. *See* Federal Rule 72(b)(2) and Local Rule 72.03(b)(2).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge